**BUFFALO ENTERPRISES DEVELOPMENT CORPORATION,**
Plaintiff,

v.

**Peter R. ELIA, et al., Defendants.**

**No. 97–CV–0411S(H).**

United States District Court,
W.D. New York.

May 30, 1997.

William H. Gardner, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, NY, for Plaintiff.

John P. Bartolomei, John P. Bartolomei & Associates, Niagara Falls, NY, for Defendants.

## ORDER

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned by Hon. William M. Skretny pursuant to 28 U.S.C. § 636(b). On or about March 6, 1997, plaintiff commenced a loan foreclosure action against defendants in New York State Supreme Court. On May 20, 1997, defendants removed the case to this court on the following grounds:

(1) the Plaintiff is the administrator of federal funds and that the funds involved in the controversy are federal funds from the U.S. Department of Housing and Urban Development (HUD); and (2) there are actions pending, or about to be filed, in the U.S. District Court for the Western District of New York, between the same parties involving or arising out of the same transaction and continuing the same issues as are involved in the hereby removed action.

(Item 1, Notice of Removal, p. 1).

Plaintiff now moves to remand the case to state court on the grounds that (1) the notice of removal was untimely, and (2) there is no federal question involved in the case sufficient to confer original subject matter jurisdiction (Item 2). Plaintiff also seeks costs and expenses incurred as a result of the removal, in accordance with 28 U.S.C. § 1447(c).

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may

first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Defendants contend that the time in which to remove was renewed by the service, on or about May 13, 1997, of an order to show cause on plaintiffs petition for the appointment of a receiver in the underlying state court action. According to defendants, the order to show cause was the "first clear statement" that the underlying foreclosure action was part of a scheme to deprive defendants of their constitutional property rights.

■ This contention must be rejected. For one thing, deprivation of a constitutional property right is not one of the grounds asserted in defendants' notice of removal. Even if the grounds set forth in the notice could be construed to encompass a constitutional claim, the fact that plaintiff would take whatever legal action necessary to effectuate foreclosure an the subject property—including appointment of a receiver, obtaining a temporary restraining order against the collection of any rents, and other relief sought by way of the state court order to show

As noted above, it is undisputed that the initial pleading in the underlying state court action was served upon defendants on or about March 6, 1997. Accordingly, the notice of removal is untimely.

■ Finally, the fact that the defendants have now filed a civil rights action in federal court asserting claims arising from the same transactions involved in the state court foreclosure action (*Elia, et al. v. Buffalo Enterprise Development Corp., et al.*, No. 97–CV–0434S (filed May 23, 1997), and have moved to consolidate that action with this one (Item 6), does not affect this court's determination of the plaintiffs motion for remand. This court is limited to an examination of the allegations in plaintiffs complaint in the underlying action "to determine whether the substance of those allegations raises a federal question." *W. 14th St. Comm. Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 193 (2d

Cir.1987). As the Second Circuit recently stated:

> Aside from diversity of citizenship jurisdiction, a case generally may be filed in federal court only if a federal question appears on the face of the plaintiffs "well-pleaded complaint." Therefore, if a complaint alleges only state law based causes of action, it cannot be removed from state court to federal court even if there is a federal defense.

*Hernandez v. Conriv Realty Associates,* 116 F.3d 35, 37 (2d Cir.1997)(citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987))

Based an the above, the plaintiffs motion to remand this action to the New York State Supreme Court (**Item 2**) is GRANTED. As provided in the removal statute, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect...." 28 U.S.C. § 1460.

In accordance with 28 U.S.C. § 1447(c), plaintiffs application for costs and expenses is also GRANTED. On or before **June 20, 1997,** plaintiff shall submit an affidavit of costs and expenses, including attorney fees, incurred as a result of the removal. Defendants' response, if any, shall be filed on or before July 7, 1997. Upon receipt of these submissions, the court may issue such further and separate orders as it deems necessary to determine the amount "just costs and actual expenses" to be paid to plaintiff by defendant.

Defendants' motion to consolidate (**Item 6**) is DENIED.

Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court is directed to mail a certified copy of this order of remand to the Clerk of the New York State Supreme Court from which this case was removed.

**SO ORDERED.**