

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-1997

# In Re: Orthopedic Bone

Precedential or Non-Precedential:

Docket 96-1704

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"In Re: Orthopedic Bone" (1997). *1997 Decisions.* Paper 279.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/279

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 22, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-1704

IN RE: ORTHOPEDIC "BONE SCREW" PRODUCTS
LIABILITY LITIGATION
(MDL No. 1014)

WILLIAM MICHAEL RAY,

        Appellant.

v.

ROBERT L. EYSTER, M.D.; ST. JOSEPH MEDICAL
CENTER, INC.; SOFAMOR, INC., a Foreign Corpo ration
(D.C. Civil No. 95-cv-03865)

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 95-cv-03865)

Argued on September 23, 1997

BECKER, SCIRICA, and ROTH,
Circuit Judges.

(Opinion filed: December 22, 1997)

Gary A. Eaton, Esquire (Argued)
Eaton & Sparks
1717 East 15th Street
Tulsa, OK 74104
 and
Green & Stites
3739 East 31st Street
Tulsa, OK 74135
 Attorneys for Appellant

David W. Steed, Esquire
Turner & Boisseau
825 North Waco
P.O. Box 397
Wichita, KS 67203
 Attorney for Appellee Eyster

Stephen S. Phillips, Esquire
Philip H. Lebowitz, Esquire (Argued)
Pepper, Hamilton & Scheetz
18th & Arch Streets
3000 Two Logan Square
Philadelphia, PA 19103-2799
 Attorneys for Appellee Sofamor,
 Inc.

OPINION OF THE COURT

ROTH, Circuit Judge.

This appeal is a part of multi-district product liability litigation, involving manufacturers of orthopedic bone screw devices. The district court, sitting as the transferee court, imposed the ultimate sanction of dismissing plaintiff's suit with prejudice for failure to comply with discovery orders. Because we find that the district court lacked subject matter jurisdiction of the case, we must determine whether it had the ability to impose the sanction of dismissal with prejudice.

Facts and Procedural Background

The appellant, William Michael Ray, originally filed this action as a pro se petition in Kansas state court, seeking

2

damages for personal injuries allegedly incurred as the result of the implantation of an internal spinalfixation device. Ray sued Sofamor, Inc., a Tennessee manufacturer and distributor of pedicle screw devices; his physician, Dr. Robert Eyster of Kansas; and St. Joseph Medical Center, a Kansas hospital where Ray underwent surgery. Four months later, defendants removed the case to federal court in the District of Kansas, alleging federal question jurisdiction. They contended that the case presented a federal question because it arose under the Medical Devices Amendments and Safe Medical Device Act ("MDA") to the Federal Food, Drug and Cosmetic Act, 21 U.S.C. S 301, et. seq. The action was then transferred to the United States District Court for the Eastern District of Pennsylvania as part of Multi-District Litigation ("MDL") 1014, known as the Bone Screw Litigation.

After Ray filed his pro se petition, he became a plaintiff in a separate action filed in Tennessee, also alleging bone screw related claims. Ray is represented by counsel in the Tennessee action, Eugene Haffey, et al. v. Danek Medical, Inc., which was also transferred to MDL 1014. Counsel for Ray in Haffey is now representing him in this appeal. Counsel maintains, however, that he was not aware of the pro se action or of its removal and transfer to the MDL until after defendants had filed a motion to dismiss it as a result of Ray's failure to comply with discovery.

Prior to the transfer of Ray's pro se action, the multi-district transferee court had issued several orders governing pretrial procedures and discovery. In particular, Pretrial Order 6 required plaintiffs in MDL 1014 to provide defendants with answers to a questionnaire and with authorizations for the release of medical records. When Ray's pro se action was transferred to MDL 1014, it was covered by PTO 6.1 Ray failed, however, to submit the required documents. On September 15, 1995, defendants informed the Plaintiffs' Legal Committee (appointed by the District Court to represent plaintiffs in MDL 1014) that Ray had failed to comply with PTO 6 and that, if noncompliance continued, defendants would file a motion to dismiss. App.

---

1. Ray was served with PTO 6 on June 12, 1995. See App. 67.

3

at 80. Defendants also wrote Ray a letter. On November 13, 1995, defendants moved to dismiss Ray's petition for failure to comply with PTO 6. It is at this point that Ray's counsel in Haffey claims to have become aware of Ray's pro se action. Counsel then filed a motion in opposition to the motion to dismiss.

Because motions to dismiss for noncompliance with pretrial orders had been filed in other MDL 1014 actions as well as Ray's, the court had appointed a Special Discovery Master. The Special Discovery Master recommended that dismissal with prejudice be the sanction used to resolve these motions. The district court adopted this recommendation and ordered that Ray and other noncompliant plaintiffs appear to show cause why their actions should not be dismissed with prejudice.

Counsel for Ray appeared at the show cause hearing. Ray, however, was not present. The record reveals the district court's understandable confusion during this proceeding due to the fact that Ray was a pro se litigant in one case and was represented by counsel in another. App. 121–138. The district court ordered a subsequent hearing at which Ray was specifically and pointedly instructed to be present. Notice was mailed the following day to Ray, notifying him of the July 9, 1996, hearing. On July 8, counsel for Ray filed a motion for continuance on the grounds that he had been unable to contact Ray. Neither counsel nor Ray was present at the July 9 proceeding. The district court therefore imposed the sanction of dismissing this case with prejudice for failure to comply with discovery. The court also held Ray in contempt for his failure to appear and imposed a $500 monetary sanction on him. 2

At the same time that the discovery motions were being

_____

2. The order dismissing Ray's petition does not indicate under which rule the judge imposed the sanction of dismissal for Ray's failure to comply with an order of the court. We have held that Rule 37 is the applicable rule in such cases. In addition, Rule 16(f), which provides sanctions for failure to comply with pretrial and scheduling orders of the court, incorporates the sanctions under Rule 37 by reference, including the Rule 37(b)(2)(C) provision for dismissal for failure to comply with discovery orders. Fed. R. Civ. P. 16(f).

4

resolved, the district court was also considering several motions by other MDL plaintiffs to remand their actions to state court. These actions had been removed to federal court on the basis of federal preemption under the MDA. On June 20, 1996, the district court issued Pretrial Order 409, finding that "[b]ecause the [Medical Devices Amendments to the Federal Food Drug and Cosmetic Act] do not completely preempt state law, they do not provide Federal jurisdiction." In re Orthopedic Bone Screw Products Liability Litigation, MDL 1014. 1996 WL 900348 (E.D. Pa. June 20, 1996). The district court then granted the motions and remanded these cases to their respective state courts.

Analysis

Ray bases his appeal on his contention that, because the district court did not have subject matter jurisdiction over his claim, it did not have the authority to impose the sanction of dismissal with prejudice for failure to comply with discovery orders. We will begin our discussion with the issue of subject matter jurisdiction. The parties concede that there is no federal question jurisdiction in this case. The parties also agree that there is no diversity of citizenship. Thus, the district court did not have subject matter jurisdiction of Ray's action. For this reason, Ray questions the ability of the district court to have sanctioned him by dismissing his action with prejudice.

The defendants argue, however, that Ray's petition was properly before the court at the time it was dismissed and that, even if the court lacked jurisdiction, it had the inherent authority to dismiss the case with prejudice for failure to comply with court orders. As transferee court in MDL 1014, the district court was dealing with hundreds of transferred actions which had been brought by plaintiffs in courts all over the country. Ray filed his pro se petition in January of 1995 in state court. In April, the defendants removed Ray's action to federal district court in Kansas on the basis of complete preemption by federal law under the MDA. In June, Ray's case was transferred to MDL 1014 in the Eastern District of Pennsylvania. Although Ray did not move to remand, the district court did decide in numerous other actions that no such preemption existed under the

5

MDA.3 The defendants contend that, since the definitive Supreme Court ruling in Medtronic v. Lohr, 116 S.Ct. 2240, 2254–58 (1996) (finding that the MDA does not completely preempt state causes of action) was issued on June 26, 1996, only days before the district court sanctioned Ray with dismissal, his pro se action was properly before the district court. We disagree.

The district court had considered the issue of federal preemption by the MDA with regard to other cases which had been removed to federal court and then transferred to the Eastern District of Pennsylvania as part of MDL 1014. The only basis for removal of these cases was the alleged existence of a federal question based on the MDA. This was also the basis for the removal of Ray's petition. In PTO 409, the district court concluded that there was no federal question jurisdiction and remanded the challenged cases back to the state courts where they had originated. As Ray did not move for remand of his case, his petition was not among those cases remanded by PTO 409.

Nevertheless, the defendants contend that, until a determination was made that the district court lacked jurisdiction in Ray's case, the court properly exercised its inherent authority to order discovery and conduct proceedings. This authority, they contend, included the authority to sanction Ray for lack of procedural compliance by dismissing the action with prejudice. The defendants make much of the fact that Ray never moved to remand his case and did not raise subject matter jurisdiction in the district court. Had Ray moved to remand his pro se action for lack of jurisdiction, no doubt the jurisdictional issue would have been resolved expeditiously. However, it is fundamental that a court may consider jurisdiction on its own. The issue of jurisdiction is always open for determination by the court. Underwood v. Maloney, 256 F.2d 334 (3d Cir.), cert. denied, 358 U.S. 864 (1958).

If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so. A federal court can only exercise that

_____

3. Pretrial Order 409, 1996 WL 900348 (E.D. Pa.) ( June 20, 1996), citing Michael v. Shiley, 46 F.3d 1316 (3d Cir. 1995).

6

power granted to it by Article III of the Constitution and by the statutes enacted pursuant to Article III. Bender v. Williamsport, 475 U.S. 534, 541 (1986); Marbury v. Madison, 1 Cranch (5 U.S.) 137, 173-80 (1803); see also Willy v. Coastal Corp., 503 U.S. 131, 137 (1992) (noting that "[a] final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."). If a case, over which the court lacks subject matter jurisdiction, was originallyfiled in federal court, it must be dismissed. If it was removed from state court, it must be remanded. See Bradgate Associates v. Fellows, Read & Associates, 999 F.2d 745, 750-51 (3d Cir. 1993) (finding that, where the district court lacks subject matter jurisdiction, it must remand a removed state court case, and it must dismiss a case, originallyfiled in federal court). The disposition of such a case will, however, be without prejudice. See, e.g., Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir. 1987) (holding that "a ruling granting a motion to dismiss for lack of subject matter jurisdiction is not on the merits; its res judicata effect is limited to the question of jurisdiction."); Verret v. Elliot Equip. Corp., 734 F.2d 235, 238 (5th Cir. 1984) ("it would be inappropriate to enter any judgment on the merits when the dismissal is based on lack of subject matter jurisdiction").

However, despite this inability of a court to decide the merits of a case over which it lacks jurisdiction, a court does have inherent authority both over its docket and over the persons appearing before it. It has long been recognized that courts are vested with certain inherent powers that are not conferred either by Article III or by statute, but rather are necessary to all other functions of courts. U.S. v. Hudson, 7 Cranch 32, 34 (1812); Roadway Express Inc. v. Piper, 447 U.S. 752, 64, 100 S.Ct. 2455, 63 (1980). Of course, implicit in all these powers is the power to sanction.

The Supreme Court has recognized the inherent power of courts to impose sanctions in order to manage their own affairs and achieve orderly and expeditious disposition of cases. Chambers v. NASCO Inc., 501 U.S. 32, 43; 111 S. Ct. 123, 32 (1991). These powers include the power to manage their dockets and impose silence and order on those before

7

the court. Link v. Wabash, 370 U.S. 626, 30-31, 82 S.Ct. 1386, 88-89 (1962). In addition courts have the authority to punish contempt whether the sanctioned conduct is before the court or beyond it. Ex parte Robinson, 19 Wall. 505, 510 (1874). Nevertheless, even though the choice of sanction may be within the court's discretion, this power is not without limit. Link v. Wabash, 447 U.S. at 765.

The question we face here is whether the inherent power to sanction extends in a case, over which the court lacks subject matter jurisdiction, to permit the court to impose a sanction which will be dispositive of the merits of the case. We think not.

We come to this conclusion despite the fact that we recognize that there is abundant authority permitting the imposition of sanctions in the absence of jurisdiction over a case. The Supreme Court held unanimously in Willy v. Coastal Corp. that the absence of jurisdiction will not operate automatically to invalidate all proceedings below. The Willy Court, however, addressed the imposition of Rule 11 sanctions, awarding attorneys' fees incurred in responding to sanctionable conduct. Willy did not involve a dismissal with prejudice. In approving the sanction in Willy, the Court relied in large measure on the principle that Article III concerns are not implicated by Rule 11 sanctions since they are collateral to the merits and do not result in the Court assessing the legal merits of a complaint over which it lacks jurisdiction. Courts have an interest in maintaining order. For this reason, Rule 11 sanctions, which are imposed on persons appearing before the court, may be upheld in the absence of jurisdiction where they are consistent with a court's inherent power to manage its docket and maintain order. Permitting the imposition of Rule 11 sanctions by a court, later found to lack jurisdiction over the case, does not affect the appropriateness of such sanctions. Willy, 503 U.S. at 138.

Defendants contend that the Supreme Court's holding in Willy is applicable to this case. We conclude, however, that Willy is not controlling here because Willy involved a sanction collateral to the merits of the case. The sanction of dismissal with prejudice, imposed on Ray, is not collateral to the merits. It acts to terminate the cause of action. A

8

court's power to determine the merits of a case is distinct from its power to exercise its authority over a person appearing before the court. This distinction is inherent in the reliance by the Court in Willy on the notion that Rule 11 sanctions could stand in the absence of jurisdiction because they were collateral to the merits of the action and did not signal a legal conclusion by the sanctioning court. The defendants seek to obscure this difference. We conclude, however, that where, as here, the court lacks subject matter jurisdiction, it may not act in a way that determines the cause of action even though it may still--as in Willy--exercise its authority over the person before the court in the interest of enforcing compliance with the court's procedures. A court has an interest in enforcing cooperation with its orders by persons appearing before the court whether it has jurisdiction or not. A court also has an interest in deterring noncompliant behavior by future litigants. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643; 96 S.Ct. 2778, 2781 (1976). However, where jurisdiction is found to be lacking, there can be no adjudication of the merits of the case. This prohibition must bar the imposition of a sanction which will terminate the case on the merits. For this reason, we will leave undisturbed the District Court's $500 monetary sanction against Ray but we will vacate the dismissal with prejudice.4

Conclusion

In this case, the already complicated task of the transferee court in multi-district litigation was made more so by Ray's failure to comply with the district court's orders. We recognize the need for the district court to be able to enforce compliance with its rules. Where, however, the district court lacked subject matter jurisdiction, it could

_____

4. For the reasons we have stated, we disagree with the conclusion reached by the Ninth Circuit in In re Exxon Valdez, 102 F.3d 429 (9th Cir. 1996) and by the Second Cicuit in Hernandez v. Conriv Realty Assoc., 116 F.3d 35 (2d Cir. 1997) that, despite a lack of subject matter jurisdiction, a district court may dismiss a case with prejudice as a sanction for repeated discovery violations.

not impose a sanction that has the effect of adjudicating the merits of the case. We will, therefore, affirm the imposition of the monetary sanction, but we will vacate the dismissal of the case with prejudice and remand this case to the District Court with instructions to remand it to the state court.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit