COUNTY OF SUFFOLK, Plaintiff,

v.

CBS LINES, INC., E.B.T., Inc., Hampton Jitney, Inc., Intercounty Motor Coach, Inc., Suffolk Bus Corp., and Sunrise Coach Lines, Inc., Defendants.

No. 98 CV 3787 (ADS).

United States District Court, E.D. New York.

Nov. 30, 1998.

Holland & Knight, LLP, NY (Robert Bergen, of counsel), for Plaintiff.

Indelicato & Fahey LLP, White Plains, for Defendants.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY (Mark G. Ledwin, of counsel), for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On April 24, 1998 the County of Suffolk (the "plaintiff" or the "County") commenced this action in the New York State Supreme Court. On May 26, 1998, pursuant to 28 U.S.C. §§ 1441 and 1446, CBS Lines, Inc., E.B.T., Inc., Hampton Jitney, Inc., Inter-

county Motor Coach, Inc., Suffolk Bus Corp., and Sunrise Coach Lines, Inc. (collectively, the "defendants") jointly filed a petition of removal to this Court. Presently before the Court is the plaintiff's motion to remand the case to the New York State Supreme Court, Suffolk County.

## I. BACKGROUND

The facts set forth below are from the plaintiff's complaint. The County is a municipal corporation of the State of New York. In order to provide public transportation, the County contracts with the six defendants to operate and maintain the buses owned by the County and leased to them pursuant to a purchase of service ("POS") agreement. In essence, the POS agreements provide subsidies to the operators of the public bus services so that the County can maintain a public transportation system.

Prior to entering into contracts for public transportation services, the County must solicit competitive bids pursuant to Suffolk County Code § 112–3 (Local Law 7–1995). This section of the County Code also requires, before soliciting bids, that the County secure a judicial determination as to whether the present operators of the bus routes (the defendants) possess any property rights with respect to the County's public transit routes and, if so, to ascertain the monetary value of those rights. The purpose of ascertaining whether the defendants have any property rights associated with their bus routes is that the County Code requires that the successful bidders indemnify the County for any costs incurred in compensating the present bus operators for any rights they may have in the routes. Specifically, the Suffolk County Code requires that "[p]rior to awarding a contract ... the County of Suffolk shall determine the costs, if any, that may arise out of implementation of the bidding process and may be attributable to the County of Suffolk as a result of any claims that may be made for compensation for alleged damages from owners of existing bus route franchises." *See* Section 112–3(A)(1).

Under the Code, this determination may be made "through either negotiation or through court order and shall be determined

prior to the bid of said route(s)." *Id.* The County's bid documents are to include a statement of the cost, if any, and must require prospective bidders to "include any such costs in their bid proposal." Finally, the bid documents must include a requirement that successful bidders agree "to indemnify the County from any costs deemed necessary to compensate the present holders of said routes ...." *Id.*

Pursuant to the County Code, the plaintiff commenced this action in the New York State Supreme Court, Suffolk County to obtain a judicial determination as to whether the defendants had any property rights in the bus routes, and if so, to ascertain the value of such property rights. In particular, the complaint seeks a declaration: "(i) that none of the Defendants possesses a compensable property interest in the Certificates issued to them by the State Commissioner or in the operation of public transit services in Suffolk County, and (ii) that the competitive procurement of public transit services by Plaintiff County required by the County Code does not constitute a governmental taking for which compensation must be paid." On the other hand, the defendants contend that the County's complaint directly and explicitly implicates the Fifth Amendment's Taking Clause. Thus, the defendants assert that this matter is properly within the jurisdiction of the this Court.

## II. DISCUSSION

### A. *Motion To Remand*

A cause of action that was originally filed in the state court may be removed by the defendant where "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In order to remove a case from state to federal court the notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). There is no contention that the defendants failed to properly comply with Section 1446.

While Sections 1441 and 1446 permit removal to the federal courts in certain circumstances, 28 U.S.C. § 1447(c) "authorizes a remand on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir.1994)(internal quotations and citations omitted).

■ "There are several well-established principles governing the propriety of removal petitions under Section 1446, which the court must keep in mind . . . ." *Town of Moreau, et al. v. New York State Dept. of Environmental Conservation, et al.*, 96 Civ. 983, 1997 WL 243258, at *1 (N.D.N.Y.1997) (internal quotations and citation omitted). First, "[r]emoval jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re NASDAQ Market Makers Antitrust Litigation*, 929 F.Supp. 174, 178 (S.D.N.Y. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 [1941] ) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *State of New York v. Lutheran Center for the Aging, Inc.*, 957 F.Supp. 393, 397 (E.D.N.Y.1997) ("Removal statutes are to be strictly construed[.]"). Thus, "all doubts should be resolved in favor of remand." *Leslie v. BancTec Service Corp.*, 928 F.Supp. 341, 347 (S.D.N.Y.1996) (internal quotations and citations omitted); *see also Boyer v. Snap–On Tools Corp.*, 913 F.2d 108 (3d Cir.1990) *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Town of Moreau*, 96 Civ. 983, 1997 WL 243258, at *1 (citing *Leslie v. BancTec Service Corp.*, 928 F.Supp. 341).

■ "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Avon Products, Inc. v. The A/J Partnership*, 89 Civ. 3743/8032, 1990 WL 422416, at *1 (S.D.N.Y. March 1, 1990); *Lutheran Center for the Aging*, 957 F.Supp. at 397; *NASDAQ Market Makers*, 929 F.Supp. at 178; *Fisher v. Building Services*, 96 Civ. 4317, 1997 WL 590843, *2 (S.D.N.Y. Sept.22, 1997).

■ Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. However, where removal is predicated upon federal question jurisdiction, the "well-pleaded complaint rule" governs. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 [1936] ). In other words, "a case may be filed in federal court only if a federal question appears on the face of the plaintiff's 'well-pleaded-complaint.' " *Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 38 (2d Cir.1997). The Supreme Court has held that this rule "severely limits the number of cases in which state law creates the cause of action that may be initiated in or remanded to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Franchise Tax Bd. v. Const. Laborers Vac. Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The Supreme Court has added that:

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). Even if a valid federal defense exists, the Second Circuit has held that the case cannot be removed unless there exists either a federal question or diversity jurisdiction on the face of the original complaint. *Hernandez*, 116 F.3d at 38. It is within this framework that the Court addresses the plaintiff's motion to remand.

### B. *The Removal Standard Applied*

■ While the plaintiff seeks a judicial determination "(i) that none of the Defendants possesses a compensable property in-

terest in the Certificates issued to them by the State Commissioner or in the operation of public transit services in Suffolk County, and (ii) that the competitive procurement of public transit services by Plaintiff County required by the County Code does not constitute a governmental taking for which compensation must be paid," it is clear that the resolution of these issues requires the examination of a local law enacted by a municipal corporation of the State of New York—an analysis that undoubtedly falls within the jurisdiction of the New York State Supreme Court. At this stage in the litigation, the County only seeks a judicial determination, as directed by the County Code, whether the defendants possess any property rights that would require compensation as a result of competitive bidding. In the Court's view, the defendants have not met their burden that such a determination by the New York State Supreme Court intrinsically raises a federal question pursuant to 28 U.S.C. § 1331 regarding the Fifth Amendment's Taking Clause. At most, the defendants have asserted a possible defense to the County's complaint that they possess certain property interests that cannot be taken without just compensation. As stated above, however, a state law based cause of action cannot be removed to federal court even where a possible federal defense exists.

Simply stated, the defendants failed to meet their burden that the plaintiff's well-pleaded-complaint establishes jurisdiction in this Court. Therefore, the Court finds that this matter must be remanded to the New York State Supreme Court, Suffolk County as this Court lacks subject matter jurisdiction.

### C. *Plaintiff's Request For Costs And Disbursements*

█ Under 28 U.S.C. § 1447(c), in connection with the remand of a case, a federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Cohen v. Reed,* 868 F.Supp. 489, 497 (E.D.N.Y.1994) (citing *Morgan Guar. Trust Co. v. Republic of Palau,* 971 F.2d 917, 923–24 [2d Cir.1992] [noting discretionary nature of award] ). *See also Worthy v. Schering Corporation,* 607

F.Supp. 653, 657 (E.D.N.Y.1985) (holding that where a remand is, in effect, "a sua sponte order for lack of subject matter jurisdiction" an award of costs to plaintiff would be inappropriate); *Eastern States Health & Welfare Fund v. Philip Morris, Inc.,* 11 F.Supp.2d 384, 407 (S.D.N.Y.1998) (holding that "costs should not be awarded automatically upon a remand, but rather should be based on a consideration of whether the grounds for removal were substantial or presented a close question.") While the Court has determined that it lacks subject matter jurisdiction, the facts and law underlining the removal of this case from the New York State Supreme Court by the defendants does not warrant the assessment of costs and disbursements.

### III. CONCLUSION

Having reviewed the parties' submissions and for the reasons set forth above; it is hereby

**ORDERED,** that the plaintiff County of Suffolk's motion to remand this case to the New York State Supreme Court for Suffolk County is **GRANTED**; and it is further

**ORDERED,** that the County of Suffolk's request for costs and disbursements is **DENIED**; and it is further

**ORDERED,** that the Clerk of the Court shall close this case.

**SO ORDERED.**