Christopher **BERRY**, Appellant,

v.

Edward **KLEM**, Superintendent the District Attorney of the County of Philadelphia; the Attorney General of the State of Pennsylvania.

No. 03–1584.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 12, 2004.

Decided Jan. 30, 2004.

Daniel Silverman, Silverman & Associates, Philadelphia, PA, for Appellant.

Thomas W. Dolgenos, J. Hunter Bennett, Office of District Attorney, Philadelphia, PA, for Appellees.

Before ALITO, CHERTOFF, and BECKER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Because we write for the parties only, the background of the case is not set out. Berry's submission of a second habeas corpus application in the District Court did not conform with the requirements of 28 U.S.C. § 2244(b)(3)(A), which states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* While Berry apparently submitted some sort of motion along these lines to this Court, the Clerk declined to accept it due to its failure to comply with our Local Appellate Rules (among other reasons). *See* S.A. at 1. Accordingly, this Court has yet to even consider whether Berry ought to be granted leave to file a second habeas petition, let alone actually issue that authorization.

Section 2244(b) is effectively "an allocation of subject-matter jurisdiction to the court of appeals." *Robinson v. Johnson,* 313 F.3d 128, 140 (3d Cir.2002), *quoting Nunez v. United States,* 96 F.3d 990, 991 (7th Cir.1996). Thus, "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Id.* at 139. The District Court was therefore free to dismiss Berry's habeas petition. It was not, however, entitled to dismiss the petition (as it did) *with prejudice,* as it lacked subject matter jurisdiction under *Robinson* to consider the petition in the first place. *See Ray v. Eyster,* 132 F.3d 152, 155–56 (3d Cir.1997). While Berry's attempt to proceed with his second habeas petition directly in the District Court was improper, he is still entitled to submit to this Court (if he desires) a proper motion requesting authorization to file his second habeas claim, subject to the requirements of § 2244(b) and the Local Rules.

Accordingly, we vacate the judgment of the District Court and remand with instructions to dismiss Berry's petition without prejudice.