GRAVES, Circuit Judge,
dissenting in part:
I disagree with the majority inasmuch as it remands the issue of attorneys’ fees and costs to the district court for reconsideration. Because I would vacate the district court’s order awarding attorneys’ fees and costs without remanding to the district court for reconsideration, I respectfully dissent in part.
Hernandez v. Conriv Realty Associates, 116 F.3d 35, 41 (2nd Cir.1997), although cited by the majority, supports the conclusion that this case should not be remanded for reconsideration of attorneys’ fees and costs. In Hernandez, after the defendant removed the case from state court to federal court, the plaintiff committed various procedural violations, including failing to appear as ordered to a follow-up conference. As sanctions, the district court dismissed the plaintiff’s claims and ordered the plaintiff to pay attorneys’ fees “directly related to the January 17, 1996 conference” at which the plaintiff failed to appear as ordered. Hernandez v. Conriv Realty Assocs., 1996 WL 97199 (S.D.N.Y. March 6, 1996). The fees directly related to the missed conference were determined to be $627.75. Hernandez, 1996 WL 271783 (S.D.N.Y May 22, 1996); and 1996 WL 345876 (S.D.N.Y. June 21, 1996).
On appeal, the Second Circuit concluded that there was no federal jurisdiction, vacated the judgment and remanded the case. The court also concluded that the district court should reconsider whether to impose sanctions “because a district court can validly impose sanctions for procedural violations even though it lacks jurisdiction over the case.” Hernandez, 116 F.3d at 37.[5] The court based its conclusion on Supreme Court precedent, saying, in relevant part:
Here, the district court ordered Hernandez to pay Conriv’s attorney’s fees related to the pretrial conference which Hernandez missed. Such an order is a procedural sanction that “does not signify [the] district court’s assessment of the legal merits of’ Hernandez’s claims, [Willy v. Coastal Corp., 503 U.S. 131, 138, 112 S.Ct. 1076, 117 L.Ed.2d 280 *892 (1992),] and therefore, the order creates no constitutional concerns.
Id., 116 F.3d at 41. The court then analyzed whether the orders were proper under the Federal Rules of Civil Procedure before determining that remand was appropriate.
In Willy, the district court granted Rule 11 sanctions for sanctionable conduct unrelated to the petitioner’s effort to establish that the district court did not have subject matter jurisdiction. The amount of sanctions was the amount of attorneys’ fees ($19,307) that the respondents had incurred in responding to the petitioner’s sanctionable conduct. Willy, 915 F.2d 965 (5th Cir.1990).
Here, there were no such procedural violations. The attorneys’ fees and costs directly resulted from the district court’s assessment of the legal merits of Scarlott’s claims and represented the,total billable case hours of 1,065 hours over four years by Nissan and the total fees incurred by Hurricane.[6] Also, the procedural posture here was on summary judgment, not on dismissal for failure to state a claim. The district court not only decided the merits of the case on summary judgment, but the transcript of the hearing on the motion for sanctions is replete with commentary on the legal merits of the case. Thus, there is no basis for remanding this issue to the district court for reconsideration and the order should simply be vacated. Choo v. Exxon Corp., 764 F.2d 1148, 1153 n. 4 (5th Cir.1985).
In Hernandez, after determining that the award did not signify the district court’s assessment of the merits of the case, the court said: “Although we have concluded that the district court’s orders created no constitutional concerns, we must nevertheless determine whether the orders were proper” before concluding the district court should reconsider in light of the lack of jurisdiction. Hernandez, 116 F.3d at 41. That was not done by the majority here.
Unlike Willy, this case did not involve Rule 11 sanctions. Here, the district court ordered the attorneys’ fees and costs under 28 U.S.C. § 1927, which says:
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the.court to satisfy personally the excess costs, expenses, and attorneys’ fees reasonably incurred because of such conduct.
28 U.S.C. § 1927.
With regard to section 1927, this court has said:
Punishment under this statute is sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action’s defense. We therefore require a detailed finding that the proceedings were both unreasonable and vexatious.
Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 535 (5th Cir.1996). (Internal citation and marks omitted).
Sanctions under section 1927 are reviewed under the abuse of discretion standard. See Browning v. Kramer, 931 F.2d 340, 344 (5th Cir.1991). “We have characterized awards under § 1927 as penal in *893 nature. Strict construction of this statute is necessary so that the legitimate zeal of an attorney is representing her client is not dampened.” Id. (Internal citations omitted). Section 1927 permits awards only against attorneys or others admitted to conduct cases and does not permit the court to sanction a party. Id. Further, section 1927 allows the award of only excess costs. Id. As this court said in Browning:
Under the “American rule,” each party must bear its own expenses during litigation. Attorneys’ fees are not ordinarily recoverable by the prevailing litigant in the absence of statutory authorization. By its terms this statute does not authorize the wholesale reimbursement of a party for all of its attorneys’ fees or for the total cost of the litigation. Under § 1927, only those fees and costs associated with “the persistent prosecution of a meritless claim” may be awarded. Except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under § 1927 may not shift the entire financial burden of an action’s defense.
Browning, 931 F.2d at 344-45. (Internal citations omitted).
By its very nature, section 1927 involves assessing the merits of the claim, which establishes the inappropriateness of the district court’s order in light of the lack of jurisdiction. However, even looking beyond the nature of section 1927, the record in this matter does not support the award of attorneys’ fees and costs.
As an initial matter, the district court not only ordered Scarlott’s counsel liable for fees and costs jointly and severally, but also found Scarlott liable for the amount of money held in the registry of the court for her benefit. Section 1927 does not permit the court to sanction a party. See 28 U.S.C. § 1927; and Browning, 931 F.2d at 344. Thus, the district court clearly abused its discretion in sanctioning Scar-lott.
Additionally, the district court authorized the wholesale reimbursement of all of the attorneys’ fees which is not authorized by section 1927. Id. at 344-45. Moreover, the district court’s order fails to provide a detailed finding that the proceedings were both unreasonable and vexatious. See Meadowbriar, 81 F.3d at 535. Though the order fails to provide the necessary finding and the district court abused its discretion, I will briefly address possible findings.
Based on the transcript of the hearing, the district court took great issue with Scarlott’s counsel for a variety of reasons but appeared to be most focused on the length of the litigation. While acknowledging that the case did not meet the federal threshold, the court said: “A 35,-000 maximum dispute has been prolonged by the addition and subtraction and replacement of the parties and constantly evolving, a series of arguments.”
A review of the record, including the district court docket, does not reveal any vexatious or sanctionable conduct on the part of Scarlott.[7] This case was pending in state court over a year before the defendants improperly removed it to federal court. At least some of the conduct discussed by the district court at the hearing occurred while the matter was in state court. The district court cannot award sanctions for conduct that occurred in *894 state court. See Willy, 915 F.2d 965, 968 n. 8, (5th Cir.1990); and Choo, 764 F.2d 1148. The district court docket reveals various scheduling, conference and other orders entered by the court, which clearly indicate the court’s participation in and management of the length of the litigation. There is no indication that Scarlott violated any of the district court’s orders or failed to appear at any conferences or hearings. The number of Scarlott’s filings, which included the expected and required matters, did not approach the numerous filings by the defendants, which included motions, supplements, answers, reports, designations, counterclaims, disclosures, notices of vacations, etc.
Despite the district court’s conclusion that “a reasonable counsel would advise his client to replace the mirror at her own expense; and if that cures the problem, if nothing else, she has a fixed car,” Scar-lott’s car was under warranty with Nissan. That warranty required any repairs to be performed by an authorized dealership. As stated previously, under Browning, an award under section 1927 may not shift the entire financial burden “[ejxcept when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in.” Browning, 931 F.2d at 345. Any such proposition that the entire course of proceedings were unwarranted or should not have been commenced is disputed by counsel for Nissan’s characterization of this as “a good case.” Further, there is an invoice from the Nissan dealership that states “ *NEW CAR WE OWE* INSTALL REAR VIEW MIRROR WITH HOMELINK” and says that “All Nissan Factory Parts and Service are covered for 12 Months or 12,000 Miles.” Nissan was the manufacturer of the mirror. Hurricane installed the mirror. This is in no way a statement on the merits or lack thereof of the case, but rather added support for the proposition that it is impossible to say, at this point, whether the entire course of the proceedings were unwarranted and should not have been commenced.
Accordingly, for the reasons stated herein, I would vacate the district court’s order awarding attorneys’ fees and costs without remanding to the district court for reconsideration. Therefore, I respectfully dissent in part.

. I note that, on remand, the district court vacated the imposition of sanctions in the amount of $627.75. Hernandez, 1998 WL 63467 (S.D.N.Y. Feb. 17, 1998). The district court also took further action addressing the dismissal that was subsequently vacated on appeal. Hernandez, 182 F.3d 121 (2nd Cir.1999).

. The district court declined to order additional costs in the total requested by Nissan, saying "Nissan North America will recover $180,000 in attorney’s fees and costs because I don’t want to audit the costs.” Hurricane received the total it requested of $15,765.50 plus an additional $500 for the hearing on sanctions.

. However, the record arguably reveals sanc-tionable conduct on the part of Nissan with regard to a filing, which was later stricken upon the request of Scarlott’s counsel and motion by Nissan, containing a defamatory and admittedly unsupported allegation that Scarlott’s counsel was misusing narcotics and referencing his congestive heart failure.