**Angel HERNANDEZ, Plaintiff–Appellant,**

v.

**CONRIV REALTY ASSOCIATES, Defendant–Appellee.**

No. 98–7900.

United States Court of Appeals, Second Circuit.

Argued May 6, 1999.

Decided June 18, 1999.

122

Angel Hernandez, New York, NY, pro se.

Robert A. Sparer, Clifton Budd & De-Maria, LLP, New York, NY, for Defendant–Appellee.

Before: OAKES, CABRANES, and SACK, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

This appeal presents—for the second time—a judgment dismissing the plaintiff's complaint with prejudice in a case where federal subject matter jurisdiction does not exist. We previously held that "no constitutional concerns" were created by the district court's entry of such an order as a procedural sanction, but we nevertheless remanded to the district court for reconsideration. *Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 40–41 (2d Cir.1997). On remand, the district court again ordered dismissal with prejudice and entered judgment accordingly. In this second appeal, we revisit our earlier determination and now hold that where federal subject matter jurisdiction does not exist, federal courts do not have the power to dismiss with prejudice, even as a procedural sanction.[1]

**I.**

Plaintiff originally filed this action in April 1995 in New York State Supreme Court, and defendant subsequently removed the case to the district court. In a memorandum and order dated February 28, 1996, the district court dismissed the complaint with prejudice and ordered plaintiff to pay defendant's expenses associated with a pretrial conference at which plaintiff did not appear. The order was based on plaintiff's failure to respond to discovery requests, and on his subsequent failure, following his attorney's withdrawal, to comply with the court's order to retain new counsel by a date certain or proceed *pro se* and appear in that capacity at the conference.

On plaintiff's first appeal, we held *sua sponte* that removal had been improper because federal subject matter jurisdiction did not exist. *See Hernandez*, 116 F.3d at 40. Our original opinion stated that the district court's order dismissing the case and imposing monetary sanctions there-

1. Because of the conflict between this holding and the precedent established by our previous decision, this opinion has been circulated to all of the active judges of the Court, none of whom objects to this holding.

fore would be vacated and the case remanded to the district court with instructions to remand to the state court. Three weeks later, however, we amended the opinion to state that, because the district court's orders imposed "procedural sanction[s]" that did not involve any "assessment of the legal merits of Hernandez's claims," the order "create[d] no constitutional concerns." *See id.* at 41 (internal quotation marks omitted). Although we held that the court had the power to dismiss with prejudice and impose monetary sanctions, we vacated the court's order and remanded for reconsideration in light of our determination that the case had been improperly removed. *See id.* at 41.

On remand, the district court again ordered dismissal with prejudice, but declined to require plaintiff to pay defendant's expenses. A final judgment was entered dismissing the case with prejudice, and this second appeal followed.

## II.

█ As noted above, we held previously that an order of dismissal without prejudice as a procedural sanction "creates no constitutional concerns" where subject matter jurisdiction does not exist. *Hernandez,* 116 F.3d at 41. In reaching that conclusion, we relied on *Willy v. Coastal Corp.,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992), in which the Supreme Court held that an imposition of monetary sanctions pursuant to Fed.R.Civ.P. 11 remained valid despite a subsequent determination that federal subject matter jurisdiction did not exist. *See id.* at 138, 112 S.Ct. 1076. The Supreme Court stated that the order "d[id] not signify a district court's assessment of the legal merits of" the case, and "therefore d[id] not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction." *Id.* (internal quotation marks omitted). We concluded that because a dismissal with prejudice as a procedural sanction also does not signify a court's assessment of the merits of the case, such an order also creates no constitutional concerns.[2]

█ After further consideration of the issue, we now conclude that where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice. It is true that such an order, if imposed as a procedural sanction, does not involve an assessment of the merits of the case. Nevertheless, we believe that Article III's limits on federal jurisdiction are designed not only to prevent federal courts from assessing the merits of certain disputes, but also to prevent federal courts from interfering—through such assessments *or otherwise*—with the jurisdiction of state courts over certain cases, such as this one, that do not implicate federal interests. A dismissal with prejudice interferes with state court jurisdiction because it "has the effect of a final adjudication on the merits favorable to [the] defendant," and therefore has res judicata effect—that is, it "bars future suits brought by [the] plaintiff upon the same cause of action," *Samuels v. Northern Telecom, Inc.,* 942 F.2d 834, 836 (2d Cir.1991) (internal quotation marks omitted); *see also* Fed.R.Civ.P. 41(b) (providing that unless the district court specifies otherwise, a dismissal ordered as a procedural sanction "operates as an adjudication upon the merits"), even in a court that does have subject matter jurisdiction, such as the state court from which this case was improperly removed. For this reason, it is our view that Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.[3]

**2.** We noted that the Ninth Circuit had relied on *Willy* to reach the same conclusion. *See In re Exxon Valdez,* 102 F.3d 429, 431 (9th Cir.1996). We now note that after our earlier decision, the Third Circuit held to the contrary, explicitly disagreeing with both *Hernan-* *dez* and *Exxon Valdez. See In re Orthopedic "Bone Screw" Prods. Liability Litig.,* 132 F.3d 152, 156–57 & n. 4 (3d Cir.1997).

**3.** Although we hold that federal courts lack the power to dismiss a case with prejudice

Accordingly, we vacate the judgment of the district court dismissing the case with prejudice, and remand the cause to the district court. We instruct the district court, in turn, to enter an order to remand to the state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.

In sum, we hold that, because the district court lacked subject matter jurisdiction, it did not have the power to dismiss the complaint with prejudice. The judgment is vacated and the cause remanded to the district court with instructions to remand to the state court.

---

where subject matter jurisdiction does not exist, we note that, in the interest of finality, collateral attacks on subject matter jurisdiction are not permitted. *See Willy,* 503 U.S. at 137, 112 S.Ct. 1076. Accordingly, a party cannot seek to avoid the res judicata effect of an earlier judgment by arguing that the court entering the judgment had lacked subject matter jurisdiction over the case.