**ELI LILLY AND COMPANY, Plaintiff,**

v.

**ZENITH GOLDLINE PHARMACEUTI-CALS, INC., Teva Pharmaceuticals USA, Cheminor Drugs, Ltd., Reddy–Cheminor, Inc., and Schein Pharmaceutical, Inc., Defendants.**

**No. IP 98–1394 C B/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

March 16, 2000.

---

Jan M Carroll, Barnes & Thornburg, Indianapolis, IN, Allen M Sokal, Finnegan Henderson Farabow Garrett & Dunner LLP, Washington, DC, for plaintiff.

Stephen E Arthur, Harrison & Moberly, Indianapolis, IN, Arnold H Krumholz, Lerner David Littenberg Krumholz & Mentlik, Westfield, NJ, for Zenith Goldline Pharmaceuticals, defendant.

Daniel P Byron, McHale, Cook & Welch, P.C., Indianapolis, IN, Ethan Horwitz, Darby & Darby, New York City, Andrew J. Miller, Budd Larner Gross Rosenbaum, Short Hills, NJ, for Cheminor Drugs Ltd., defendant.

Daniel P. Byron, McHale, Cook & Welch, P.C., Indianapolis, IN, Marc S Gross, Darby & Dabry, New York City, Andrew J Miller, Budd Larner Gross Rosenbaum, Short Hills, NJ, for Schein Pharmaceuticals, Inc., defendant.

Daniel P Byron, McHale, Cook & Welch, P.C., Indianapolis, IN, Ethan Horwitz, Darby & Darby, New York City, for Reddy–Cheminor Inc.

Edward A Meilman, Ostrolenk Faber Gerb & Soffen, New York City, Henry J Price, Price Potter Jackson & Mellowitz Pc, Indianapolis, IN, for Teva Pharmaceuticals, USA Inc., defendant.

### ENTRY GRANTING PLAINTIFF'S PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

BARKER, Chief Judge.

Plaintiff, Eli Lilly and Company ("Lilly"), brings this patent infringement action against defendants, Zenith Goldline Pharmaceuticals, Inc. ("Zenith"), Teva Pharmaceuticals USA ("Teva"), Cheminor Drugs, Ltd., Reddy–Cheminor, Inc. (collectively, "Cheminor"), and Schein Pharmaceutical, Inc. ("Schein"). Lilly contends that defendants have infringed claims 6 and 7 of Lilly's U.S.Patent No. 4,626,549 (" '549 patent"), which pertains to the active ingredient in Prozac®, Lilly's anti-depressant drug. Teva, Cheminor and Schein have filed declaratory judgment counterclaims challenging the validity and infringement of claims 6 and 7 of the '549 patent. These defendants also seek a declaration of invalidity and non-infringement of other claims of the '549 patent, specifically claims 1–5, 8 and 9, even though Lilly has not asserted those claims against them. Lilly moves for dismissal of portions of these counter-

claims involving unasserted claims, contending that no case or controversy, and thus no subject matter jurisdiction, exists regarding claims 1–5, 8 and 9.[1] For the reasons discussed below, we *GRANT* Lilly's motion to dismiss those portions of defendants' counterclaims pertaining to claims 1–5, 8 and 9 of the '549 patent.

*Discussion*

Plaintiff, Eli Lilly, originally brought separate patent infringement actions against Zenith (IP 98–1394–C–B/S), Teva (IP 98–1435–C–B/S), and Cheminor (IP 99–0024–C–B/S), which we subsequently consolidated into this single action. On December 2, 1986, the United States Patent and Trademark Office ("PTO") issued to Lilly United States Patent No. 4,626,-549, entitled "Treatment of Obesity with Aryloxyphenylpropylamines." The '549 patent covers the use of the pharmaceutical fluoxetine hydrochloride, an essential ingredient in Prozac®, Lilly's prescription drug widely used to treat depression and obsessive-compulsive disorders. The '549 patent expires on December 2, 2003. Claim 6 of the '549 patent claims a method of blocking the uptake of the brain chemical serotonin by brain neurons in animals by administering to the animals a certain amount of fluoxetine or one of its pharmaceutically-acceptable salts. Claim 7 of the '549 patent claims a method of blocking the uptake of serotonin by brain neurons in animals by administering to the animal a serotonin blocking amount of fluoxetine.

Lilly contends that each defendant infringed claims 6 and 7 of the '549 patent by submitting to the FDA an Abbreviated New Drug Application ("ANDA"), in which defendants sought to obtain approval for marketing a generic version of fluoxetine hydrochloride before the expiration of the '549 patent, in violation of 35 U.S.C. § 271(e)(2)(A).[2] Defendants Teva, Cheminor and Schein have counterclaimed, contending that in addition to the claims that Lilly asserts against them (claims 6 and 7), the remaining claims of the '549 patent (claims 1–5, 8 and 9) have not been infringed and are invalid.

Lilly moves to dismiss defendants' counterclaims that challenge the validity of patent claims not placed in controversy by Lilly's complaint. Lilly contends that there is no actual controversy regarding unasserted patent claims and, therefore, that we lack subject matter jurisdiction over the portions of defendants' counterclaims involving those patent claims.

Defendants generally agree that no actual controversy exists regarding claims 1–3, 8 and 9 of the '549 patent, although they assert that a controversy exists regarding claims 4 and 5 of the '549 patent. Defendants reason that their good faith belief about the invalidity and non-infringement of claims 4 and 5 (even though Lilly has not asserted those claims against them in this litigation) is relevant to the question of whether Lilly eventually may be entitled to an award of costs or attorneys' fees in this action. We now proceed to consider the merits of the parties' contentions.[3]

■ The Declaratory Judgment Act provides, in relevant part:

In a case of actual controversy within its jurisdiction, . . . any court of the United

---

1. Defendant Zenith has not filed a counterclaim challenging these unasserted patent claims. Hence, our subsequent use of the term "defendants" in this entry refers only to Teva, Cheminor and Schein.

2. Lilly's complaint against Schein alleges that Schein entered into a Strategic Alliance Agreement with defendant Cheminor to market, sell and distribute any pharmaceutical that Cheminor had produced or would produce in the future. Thus, while Schein may not have submitted an ANDA to the FDA, Lilly

claims that Cheminor filed its ANDA on Schein's behalf as well, resulting in Schein's alleged infringement of claims 6 and 7 of the '549 patent. Lilly also claims that Schein induced Cheminor to infringe claims 6 and 7 by entering into and implementing the Strategic Alliance Agreement. *See* Oct. 15, 1999 Am.Compl. ¶¶ 13–22.

3. We considered a somewhat similar issue in *Eli Lilly and Company v. Barr Laboratories, Inc.*, No. 96–0491–C–B/S. *See* Court's May 28, 1998 Entry at 4–10.

States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Thus, the existence of an "actual controversy" is an "absolute predicate for declaratory judgment jurisdiction." *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 634–35 (Fed.Cir. 1991). "The long established rule of law is that a declaratory judgment plaintiff must establish an actual controversy on the 'totality of the circumstances.'" *Spectronics,* 940 F.2d at 634. The existence of a case or controversy is evaluated on a "claim-by-claim" basis. *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir.1984); *see also Carroll Touch, Inc. v. Electro Mechanical Sys., Inc.*, 15 F.3d 1573, 1581 n. 8 (Fed.Cir.1993). A two-part test is applied for assessing justiciability in the context of suits for a declaration of patent rights:

There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed.Cir.1995). Hence, it is well-established that a trial court may be divested or deprived of subject matter jurisdiction over a particular patent claim if the patentee covenants not to assert an infringement claim against a putative infringer "with respect to any of

[the alleged infringer's] past, present, or future acts . . . ." *Id.*

■ As for the first prong of the justiciability test, Lilly concedes that an actual controversy exists on claims 6 and 7 of the '549 patent, as it brings an action for patent infringement on those two claims. However, Lilly correctly observes that the defendants have not demonstrated a reasonable apprehension that they will face an infringement suit on the unasserted patent claims that defendants seek to invalidate (claims 1–5, 8 and 9). In respect to the ANDA filings at issue in this case, Lilly unequivocally has waived the right to assert against the defendants any claim of the '549 patent except claims 6 and 7. For example, Lilly has warranted that "except for claims 6 and 7 of the '549 patent, Lilly has not asserted and does not intend to assert any other claims of that patent against [defendant] Teva in connection with Teva's attempt through its ANDA Nos. 75–452 and 75–506 to obtain approval from the FDA to commercially manufacture, use, or sell fluoxetine hydrochloride. (See L.Ex. 3) To make the matter even more clear, Lilly unconditionally represents that it will not assert those other claims against Teva based on Teva's filing of ANDA Nos. 75–452 and 75–506." Pl.'s May 17, 1999 Mem.Supp.Mot. Dismiss at 4. Similarly, Lilly has estopped itself from asserting the other '549 patent claims against the remaining defendants.[4] In light of Lilly's unconditional waiver of suit, defendants face no threat by Lilly, explicit or implied, that could create a reasonable apprehension that their ANDA filings would prompt an infringement action based on claims 1–5, 8 and 9 of the '549 patent. *See Super Sack,* 57 F.3d at 1059 (recognizing that statements of counsel in

---

4. For example, Lilly expressly acknowledges its "waiver of a future lawsuit against [defendant] Cheminor on those claims of the '549 Patent [claims 1–5, 8 and 9] removed any theoretical possibility of any reasonable apprehension that Cheminor would face an infringement suit based on the unasserted claims. In view of that waiver, Lilly cannot

ever enforce those unasserted claims against Cheminor based on Cheminor's fluoxetine hydrochloride ANDA filing that gave rise to this lawsuit." *See* Pl.'s March 1, 1999 Mem.Supp. Mot. Dismiss at 6; Burwell Decl., Def.Ex. 3 (Feb. 26, 1999 letter from Lilly to Cheminor waiving all infringement claims except those relating to claims 6 and 7 of the '549 patent).

"motion papers and briefs" are covenants binding on their client).

Moreover, quite apart from the first prong of the justiciability test, defendants fail to meet the second requirement for finding an actual controversy in the context of a patent claim. Specifically, defendants fail to establish that their present activities could constitute infringement of claims 1–5, 8 or 9 of the '549 patent, or that they have taken concrete steps with the intent to conduct such potentially infringing activity. Lilly has advanced this contention in its briefing of its motions to dismiss, but defendants fail to respond, providing yet another basis to conclude that we lack subject matter jurisdiction over unasserted claims 1–5, 8 and 9 of the '549 patent. *See, e.g.*, Pl.'s June 10, 1999 Reply at 1; Def. Teva's Mem. Opp.Mot. Dismiss 1–6.

However, defendants have advanced two contorted explanations for why a controversy exists regarding claims 4 and 5 of the '549 patent. First, defendants assert that claims 4 and 5 are invalid on double patenting grounds. Defendants then invoke 35 U.S.C. § 288, contending that a patentee cannot recover costs unless a disclaimer of an invalid claim has been entered at the Patent and Trademark Office prior to the commencement of the patentee's infringement suit.[5] Defendants' argument continues that because, in its view, claims 4 and 5 are invalid, and because Lilly claims entitlement to costs in this infringement action involving claims 6 and 7, a determination of whether Lilly is entitled to costs depends upon whether claims 4 and 5 are valid. (Lilly obviously has not filed a disclaimer of claims 4 and 5 with the PTO.) Lilly rejoins that defendants' interpretation of section 288 in the context of justiciability is entirely illogical and without any legal support. We agree.

■ Defendants' argument regarding section 288 would turn the concept of justiciability on its head.[6] Defendants' acknowledge that Lilly has waived its right to assert claims 4 and 5 against them based on the ANDA filings at issue in this case. Thus, those two claims are not directly at issue in this action, nor will defendants ever face an infringement action by Lilly on those claims. Also, as we previously observed, defendants fail to demonstrate that they have engaged in any conduct that could sustain an infringement action against them based on claims 4 and 5. Despite the stark absence of a controversy on claims 4 and 5, defendants attempt to manufacture one collaterally by tying Lilly's potential *cost* recovery in this case to the validity of two claims that have never been, and never will be, asserted against them by Lilly. Even if a congressional statute could alter the constitutional justiciability requirement,

---

**5.** 35 U.S.C. § 288 provides:

> Whenever, without deceptive intention, a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid. The patentee shall recover no costs unless a disclaimer of the invalid claim has been entered at the Patent and Trademark Office before commencement of the suit.

**6.** A straightforward reading of section 288 (and one that comports with the concept of justiciability) would prohibit a patentee from recovering costs if it asserted certain claims of a patent against a defendant that ultimately were proven in that suit (or prior to its commencement) to be invalid. *Cf. Allen Archery, Inc. v. Browning Mfg. Co.*, 819 F.2d 1087, 1097 (Fed.Cir.1987) (recognizing that a patentee may not be able to recover costs when asserting an invalid claim of a patent, but explaining that under section 288, "[t]he failure of a patentee to disclaim an invalid patent claim does not prevent the patentee from enforcing any remaining claims in the same patent which are otherwise valid"). Thus, for instance, if a patentee asserted several claims of a patent against a defendant (without filing a disclaimer regarding any of the asserted claims prior to commencement of the suit), perhaps prevailing on one asserted claim but having a second claim declared invalid, the patentee may not be able to recover costs against the accused infringer who was forced to defend against the invalid claim. Of course, in this example, the justiciability requirement is satisfied because the patentee actually placed into controversy certain claims of the patent by asserting them against the defendant in the first instance.

which it cannot (*see Bennett v. Spear*, 520 U.S. 154, 162, 117 S.Ct. 1154, 1161, 137 L.Ed.2d 281 (1997)), section 288 does not stand for the proposition that a court must examine unasserted claims to determine if a patentee can recover costs on the asserted claims before it. Such an interpretation of section 288 would allow a defendant to attempt to avoid a cost award by collaterally challenging any or all unasserted claims of a patent *not at issue* in the infringement action. By claiming that these *un* asserted claims are invalid, a defendant who lost on the plaintiff's original patent infringement action could compel a court to conduct a series of mini-trials on the unasserted patent claims—all to determine if the patentee was entitled to the comparably minor *costs* regarding the original, asserted claims. As an illustration, assume that a complicated patent contained 100 claims, only two of which the patentee contended the defendant had infringed. Assuming the patentee prevailed on the two asserted claims of the patent and sought a cost award, the willfully infringing defendant then could assert the invalidity of the other 98 claims as a defense to the cost request, an odd and inefficient scenario indeed. We reject this attempted end-run around the justiciability requirement, for defendants offer absolutely no case law or legislative history in support of this strained interpretation section 288. Yet, even if defendants' interpretation were reasonable, and a cost award depended on the validity of unasserted claims 4 and 5, we decline to conclude that the cost award issue would suffice to establish a "controversy" over patent claims 6 and 7 that Lilly has asserted against them. In the end, defendants fail to meet either prong of *Super Sack*'s justiciability test in the context of patent claims 4 and 5, and subject matter jurisdiction alludes us on those claims as a result.

Defendants advance a second, similar argument for why a controversy exists regarding claims 4 and 5. Defendants contend that because Lilly may seek an attorneys' fees award under 35 U.S.C. § 285, their good faith belief in patent invalidity and/or non-infringement is relevant to defeating any attorneys' fee claim. *See* 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Thus, defendants assert that their good faith belief about the invalidity of '549 patent claims 4 and 5 creates a controversy about whether Lilly is entitled to attorneys' fees regarding claims 6 and 7. We find defendants' argument entirely unavailing.

■ Defendants' good faith intent regarding *un* asserted claims is irrelevant to our discretionary exercise of determining whether Lilly (assuming it prevailed) would be entitled to fees for enforcing its asserted claims of the '549 patent. Even if defendants' good faith regarding unasserted claims was relevant to the attorneys' fee inquiry, we cannot ascertain how that marginal relevance to a collateral matter would create a sufficient "controversy" with respect to the core issue over which we first must have subject matter jurisdiction, namely whether defendants infringed the *asserted* claims 6 and 7 of the '549 patent. Accordingly, we conclude that there is no actual controversy between Lilly and the defendants regarding claims 1–5, 8, and 9 of the '549 patent.

A final matter requires resolution before we dismiss the portions of defendants' counterclaims involving unasserted patent claims 1–5, 8 and 9. Defendants, predicting the likely dismissal of the portions of their counterclaims relating to these unasserted claims, request that we dismiss those claims without prejudice. Lilly rejoins that a dismissal with prejudice is warranted because, for all practical purposes, defendants will never be sued for patent infringement of the unasserted claims given Lilly's unconditional waiver of suit. We agree with Lilly that the issue is largely moot, but we conclude that a dismissal without prejudice technically is warranted given our holding that we lack subject matter jurisdiction over the unasserted claims.

■ "[W]hen a suit is dismissed for want of subject-matter jurisdiction, that is, because the court has no power to resolve the case on the merits even if the parties are content to have it do so, it is error to make the dismissal with prejudice." *T.W. by Enk v. Brophy,* 124 F.3d 893, 898 (7th Cir.1997); *see Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 122 (2d Cir.1999) ("[W]here federal subject matter jurisdiction does not exist, federal courts do not have the power to dismiss with prejudice, even as a procedural sanction.").[7] In this case, the absence of an actual controversy regarding the unasserted patent claims, and our corresponding lack of subject matter jurisdiction, prohibits us from adjudicating the merits of defendants' assertions of patent invalidity and non-infringement of the unasserted claims. Thus, we make no ruling regarding claims 1–5, 8 and 9 of the '549 patent, except to say that the issues pertaining to those claims are not sufficiently ripe for us to consider. Under these circumstances, a dismissal without prejudice technically is appropriate. We hasten to add, however, that a dismissal with or without prejudice is of little significance in this particular case. Estoppel forever bars Lilly from claiming that the defendants, by filing the ANDAs at issue in this case, infringed claims 1–5, 8 and 9 of the '549 patent. Moreover, just as defendants have failed in this matter to establish an actual controversy regarding the seven unasserted claims of the '549 patent, they have not identified some other putative context in which an actual controversy would exist (e.g. resorting to state court). Hence, while a dismissal with prejudice would afford Lilly the benefits of res judicata, re-litigation of the unasserted claims on the merits is a remote possibility even if the claims are dismissed without prejudice. As a practical matter, we are unable to discern a significant distinction between a dismissal with or without prejudice in this case.

In the end, Lilly has covenanted to forego any and all infringement actions against defendants relating to their past, current and future activities arising out of their ANDA filings (at least in respect to the seven unasserted claims of the '549 patent). Defendants are without reasonable apprehension of an infringement suit on the non-asserted patent claims and, accordingly, we lack jurisdiction over the portions of defendants' counterclaims pertaining to those claims. Lilly's motion to dismiss defendants' counterclaims challenging the validity of claims 1–5, 8 and 9 of the '549 patent must be *GRANTED.*

*Conclusion*

For the reasons discussed above, we *GRANT* Lilly's motion to dismiss the portions of Teva, Cheminor, and Schein's counterclaims pertaining to claims 1–5, 8 and 9 of the '549 patent. The remaining matters relating to claims 6 and 7 of the '549 patent shall go forward as previously specified in the Court's case-management plan.

---

7. We note, however, that it is not unprecedented for a district court to dismiss a case with prejudice for lack of subject matter jurisdiction. In fact, appellate courts have affirmed such judgments even where the district court dismissed the case as violative of Article III's case and controversy require-ment, although in these cases the question of whether the district court should have dismissed the case with or without prejudice was not at issue. *See Super Sack,* 57 F.3d at 1055, 1060; *Vorhees v. Brown,* No. 96–4109, 1998 WL 54657, at *1 (7th Cir. Feb.4, 1998).