**Albert G. FRACCOLA, Jr., Individually and as 50% Shareholder, Officer and Director of 1st Choice Realty, Inc., Plaintiff-Appellant,**

v.

**John W. GROW, in his Individual and Official Capacity, as then New York State Supreme Court Justice, Defendant-Appellee.\***

No. 16-483

United States Court of Appeals, Second Circuit.

November 18, 2016

---

\* The Clerk of Court is directed to amend the case caption as set forth above.

FOR APPELLANT: ALBERT G. FRACCOLA, JR., pro se, New Hartford, NY.

FOR APPELLEE: JONATHAN D. HITSOUS, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

PRESENT: AMALYA L. KEARSE, RAYMOND J. LOHIER, JR., CHRISTOPHER F. DRONEY, Circuit Judges.

## SUMMARY ORDER

Albert G. Fraccola, Jr., pro se, appeals from the District Court's dismissal with prejudice of his federal and state law claims against former New York Supreme Court Justice John W. Grow. Fraccola alleged that Justice Grow violated his rights by so-ordering a stipulated settlement that resolved a business dispute between Fraccola and Fraccola's ex-wife. Fraccola sought damages, injunctive relief, and declaratory relief arising out of Justice Grow's so-ordering of the settlement. We assume the parties' familiarity with the facts, prior proceedings, and issues on appeal, to which we refer only as necessary to explain our decision to vacate and remand.

Upon review, we conclude that the District Court properly dismissed Fraccola's claims under the Rooker-Feldman doctrine.[1] Under that doctrine, four requirements must be met in order for a claim to be barred: (1) the plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of the state court judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced. Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). This case meets each of the four requirements: Fraccola lost in state court; he alleges injuries directly caused by the so-ordered stipulation; he seeks to overturn the stipulation and the subsequent state court orders upholding it; and he filed this federal complaint in July 2015, after the denial of his final state court motion to vacate was affirmed in January 2015. The District Court therefore properly applied the Rooker-Feldman doctrine to dismiss Fraccola's claims.

The Rooker-Feldman doctrine precludes district court review as a matter of subject matter jurisdiction. Mitchell v. Fishbein, 377 F.3d 157, 165 (2d Cir. 2004). When a court lacks subject matter jurisdiction, it lacks the power to dismiss with prejudice, as the District Court did here. Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999). For that reason, we vacate the District Court's dismissal with prejudice and remand to permit the court to dismiss without prejudice.

We have considered all of Fraccola's arguments and conclude they are without merit. Accordingly, we **VACATE** the judgment of the District Court and **REMAND**

---

1. We interpret the District Court's memorandum decision and order dismissing Fraccola's claims as resting on the Rooker-Feldman doctrine and in the alternative on judicial immunity grounds. Because the Rooker-Feldman doctrine implicates the subject matter jurisdiction of the District Court, see Mitchell v. Fishbein, 377 F.3d 157, 165 (2d Cir. 2004), the doctrine's application in this case should have been analyzed first and is dispositive.

with instructions to enter an order of dismissal without prejudice.