16-483
Fraccola v. Grow

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand sixteen.

PRESENT:　　AMALYA L. KEARSE,
　　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　　　*Circuit Judges.*

_____

Albert G. Fraccola, Jr., Individually and as
50% Shareholder, Officer and Director of
1st Choice Realty, Inc.,

　　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　No. 16-483

John W. Grow, in his Individual and
Official Capacity, as then New York State
Supreme Court Justice,

　　　　　　　　*Defendant-Appellee.**

_____

---

\* The Clerk of Court is directed to amend the case caption as set forth above.

FOR APPELLANT: ALBERT G. FRACCOLA, JR., *pro se*, New Hartford, NY.

FOR APPELLEE: JONATHAN D. HITSOUS, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **VACATED** and the case **REMANDED** with instructions to enter an order of dismissal without prejudice.

Albert G. Fraccola, Jr., pro se, appeals from the District Court's dismissal with prejudice of his federal and state law claims against former New York Supreme Court Justice John W. Grow. Fraccola alleged that Justice Grow violated his rights by so-ordering a stipulated settlement that resolved a business dispute between Fraccola and Fraccola's ex-wife. Fraccola sought damages, injunctive relief, and declaratory relief arising out of Justice Grow's so-ordering of the settlement. We assume the parties' familiarity with the facts, prior proceedings, and issues on appeal, to which we refer only as necessary to explain our decision to vacate and remand.

Upon review, we conclude that the District Court properly dismissed Fraccola's claims under the Rooker-Feldman doctrine.[1] Under that doctrine, four requirements must be met in order for a claim to be barred: (1) the plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of the state court judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced. Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d

---

[1] We interpret the District Court's memorandum decision and order dismissing Fraccola's claims as resting on the Rooker-Feldman doctrine and in the alternative on judicial immunity grounds. Because the Rooker-Feldman doctrine implicates the subject matter jurisdiction of the District Court, see Mitchell v. Fishbein, 377 F.3d 157, 165 (2d Cir. 2004), the doctrine's application in this case should have been analyzed first and is dispositive.

Cir. 2005). This case meets each of the four requirements: Fraccola lost in state court; he alleges injuries directly caused by the so-ordered stipulation; he seeks to overturn the stipulation and the subsequent state court orders upholding it; and he filed this federal complaint in July 2015, after the denial of his final state court motion to vacate was affirmed in January 2015. The District Court therefore properly applied the Rooker-Feldman doctrine to dismiss Fraccola's claims.

The Rooker-Feldman doctrine precludes district court review as a matter of subject matter jurisdiction. Mitchell v. Fishbein, 377 F.3d 157, 165 (2d Cir. 2004). When a court lacks subject matter jurisdiction, it lacks the power to dismiss with prejudice, as the District Court did here. Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999). For that reason, we vacate the District Court's dismissal with prejudice and remand to permit the court to dismiss without prejudice.

We have considered all of Fraccola's arguments and conclude they are without merit. Accordingly, we **VACATE** the judgment of the District Court and **REMAND** with instructions to enter an order of dismissal without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3