16-1057
Rolle v. Girardi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand seventeen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

_____

Nehemiah Rolle,

> > *Plaintiff - Appellant*,

> v.                                                                              16-1057

Joseph Girardi,

> > *Defendant – Appellee.*


_____


| | |
|---|---|
| **FOR APPELLANT:** | Nehemiah Rolle, pro se, New York, New York. |
| **FOR APPELLEE:** | David Lawrence, III, Assistant Solicitor General Eric T. Schneiderman, Attorney General for the State of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** with instructions to the district court to enter a judgment of dismissal without prejudice.

Nehemiah Rolle, pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint against Nassau County District Court Judge Joseph Girardi, who, Rolle alleged, improperly removed him from a courtroom while he was observing a criminal trial. Rolle also brought claims on behalf of the defendant in the criminal trial, Deborah Joseph, alleging violations of (inter alia) her Sixth Amendment rights. Rolle sought (inter alia), injunctive relief to prevent Judge Girardi from denying Rolle access to future court proceedings; declaratory relief that Judge Girardi had unlawfully removed Rolle from the courtroom and violated Joseph's constitutional rights at trial; and Judge Girardi's impeachment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). When reviewing a decision of the district court, we are free to affirm it on any ground supported by the record, regardless of the ground upon which the trial court relied. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006). Because Rolle sought only injunctive and declaratory relief, the district court erred in dismissing on the basis of judicial immunity. *See Pulliam v. Allen*, 466 U.S. 522, 541-43 (1984). However, dismissal of Rolle's complaint was nonetheless appropriate because Rolle lacks standing to pursue his claims and the district court therefore lacked subject matter jurisdiction over them.

Constitutional standing requires plaintiffs to allege an actual case or controversy. *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (1998). "Specifically, a plaintiff must demonstrate that (1) he or she has suffered an injury; (2) the injury is traceable to the defendants' conduct; and (3) a federal court decision is likely to redress the injury." *Id.* A plaintiff who seeks injunctive or declaratory relief "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Id.*; *see also Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) ("To obtain *prospective* relief, such as a declaratory judgment or an injunction, a plaintiff must show, inter alia, a sufficient likelihood that he [or she] will again be wronged in a similar way.") (internal quotation marks, alterations and citations omitted). To show a likelihood of future harm, a plaintiff "must establish how he or she will be injured prospectively and that the injury would be prevented by the equitable relief sought." *Marcavage*, 689 F.3d at 103. In this case, there is no plausible allegation that future injury is likely. Rolle has not plausibly alleged that he will observe proceedings before Judge Girardi in the future--including proceedings involving Joseph, whose criminal trial has concluded--or that Judge Girardi will unlawfully order him to leave the courtroom again. Consequently, Rolle lacks standing to bring his claims, and the district court lacked subject matter

jurisdiction to entertain them. *Los Angeles v. Lyons*, 461 U.S. 95, 105-06; *see also Marcavage*, 689 F.3d at 103.

Rolle also lacks prudential standing to bring claims that Judge Girardi's rulings and conduct during Joseph's trial violated Joseph's constitutional rights. Under the prudential standing rule, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 86 (2d Cir. 2014) (citation and internal quotation marks omitted).

A dismissal for lack of subject matter jurisdiction must be without prejudice because the court lacks the authority to dismiss with prejudice. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999).

We have considered all of Rolle's arguments and find them to be without merit. Accordingly, we **VACATE** the challenged judgment and **REMAND** with instructions to the district court to enter a judgment of dismissal without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3