James H. BRADY, Plaintiff-Appellant,

v.

Eric T. SCHNEIDERMAN, Attorney General for the State of New York, Defendant-Appellee.

16-3122-cv

United States Court of Appeals, Second Circuit.

March 1, 2018

FOR PLAINTIFF-APPELLANT: James H. Brady, pro se, Wyckoff, New Jersey.

FOR DEFENDANT-APPELLEE: David Lawrence III, Assistant Solicitor

General, Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

PRESENT: AMALYA L. KEARSE, GUIDO CALABRESI, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant James H. Brady, proceeding *pro se*, appeals from a judgment entered August 15, 2016. Brady sued the New York Attorney General under 42 U.S.C. § 1983, seeking an injunction to require defendant-appellee Eric T. Schneiderman, Attorney General of the State of New York, to investigate and prosecute alleged judicial corruption related to Brady's prior unsuccessful state court litigation over the air rights to the space above the building in which he owned an apartment. The district court dismissed the complaint with prejudice because Brady lacked standing to compel the Attorney General to investigate or prosecute the state court judges who ruled against him, and Brady appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's determination on standing. *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84-85 (2d Cir. 2014). To establish constitutional standing, a plaintiff must show an injury in fact that is causally connected to the challenged conduct and that is likely to be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ). We conclude that the district court properly determined that Brady lacked standing for substantially the reasons set forth in its July 13, 2016 opinion and order.

Although the judgment of the district court stated that the dismissal was "with prejudice," a caveat not applicable to dismissals for lack of federal jurisdiction, *see e.g., Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999), we instead understand the district court (a) to have meant that the complaint asserts only claims that Brady cannot pursue in federal court, and (b) to have had in mind that Brady has been warned by the state court not to continue his "near perfect example of frivolous conduct" in "prosecuting claims that have either been determined or that he has been told are not ripe," *see Brady v. 450 W. 31st St. Owners Corp.*, 2014 WL 3515939, at *13 (N.Y. Sup. Ct. July 15, 2014).

We have considered all of Brady's arguments and find them to be without merit. Accordingly, the judgment is deemed amended to incorporate our understanding set forth above, and as thus amended is **AFFIRMED.**