In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-2590

JOY RYDER and RHONDA LEE,

*Plaintiffs-Appellants*,

*v.*

DAVID HYLES, HYLES-ANDERSON COLLEGE, INC., and FIRST BAPTIST CHURCH OF HAMMOND INDIANA, INC.,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-cv-01153 — **Charles R. Norgle**, *Judge*.

ARGUED FEBRUARY 16, 2022 — DECIDED MARCH 4, 2022

Before RIPPLE, SCUDDER, and KIRSCH, *Circuit Judges*.

SCUDDER, *Circuit Judge*. This case arises out of horrific allegations of sexual abuse and assault at the First Baptist Church of Hammond, Indiana and its affiliated school, Hyles-Anderson College, in the late 1970s. Plaintiffs Joy Ryder and Rhonda Lee both allege that David Hyles, a leader of the Church and College, sexually assaulted them over several years, with Hyles, the Church, and the College then conspiring to cover

up the abuse. Decades later, in 2020, the plaintiffs sought to recover for their alleged injuries by bringing a civil claim under the federal Racketeer Influenced and Corrupt Organizations Act. The district court dismissed the complaint for a pleading failure—the plaintiffs had not alleged the injury to "business or property" required for RICO's civil cause of action. We affirm.

## I

### A

As the son of the Church's founder, Hyles worked for, and held various leadership positions in, the Church and College. Joy Ryder and Rhonda Lee were teenagers and members of the Church in the 1970s. Both allege that Hyles repeatedly sexually assaulted them during this time. Throughout the period of abuse, Ryder alleges that she paid tithes and offerings to the Church, as well as fees to participate in a music group and other youth activities. For her part, Lee did not allege that she paid money to the Church or College during this period.

The complaint further alleges that the Church and College knew of the wrongdoing but that both institutions and Hyles—collectively, "the Enterprise"—"treated rape, sexual abuse, and sexual assault as an internal matter and 'dealt' with these serious allegations internally," going to "great lengths" to prevent law enforcement from learning of the criminal misconduct. The cover-up, the complaint continues, included the Church and College allegedly undertaking a sham investigation into other allegations of sexual assault at both institutions in the 2010s.

B

In 2020 Ryder and Lee invoked RICO's civil cause of action, see 18 U.S.C. §§ 1962, 1964(c), and sued Hyles, the Church, and the College, contending that the Enterprise's alleged misconduct injured their business or property.

The defendants moved to dismiss the operative complaint (the Second Amended Complaint) pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the district court lacked subject matter jurisdiction because Ryder and Lee had not alleged injuries to their business or property. No doubt the defendants proceeded this way because of what we said in *Evans v. City of Chicago*: the "business or property" requirement in § 1964(c) is "a jurisdictional requirement" akin to "a standing requirement—rather than an element of the cause of action—which must be satisfied in order to prevail on a RICO claim." 434 F.3d 916, 924 (7th Cir. 2006) (citations omitted).

But *Evans* came before a long line of recent Supreme Court decisions clarifying that the word "jurisdiction" (and related considerations of Article III subject matter jurisdiction) should be used with more precision. See *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161–62 (2010) (noting that while "[c]ourts—including this Court—have sometimes mischaracterized . . . elements of a cause of action as jurisdictional limitations," "[o]ur recent cases evince a marked desire to curtail such drive-by jurisdictional rulings") (internal quotation and citations omitted); see also *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511–12 (2006) (collecting examples). In this light, it is clear that the business or property requirement is a non-jurisdictional element of the cause of action Congress supplied in § 1964(c). A plaintiff's failure to plead this element therefore requires

dismissal under Rule 12(b)(6), not 12(b)(1). We modify the district court's judgment accordingly.

In any event, the district court dismissed the plaintiffs' complaint, concluding that they had not alleged injuries to their business or property, as required by § 1964(c). The district court underscored that Ryder and Lee's primary injuries were personal and any "pecuniary losses flowing from personal injuries are insufficient to confer standing for a RICO claim." From there the district court rejected Ryder and Lee's contention that they satisfied RICO's injury-to-business or property requirement by alleging that the Church used their fees and donations to fund the Enterprise's sham investigations—which, as both plaintiffs alleged, "diminished the value of the education and activities." The court explained that, because Ryder and Lee had "characterize[d] these contributions . . . as donations," these payments could not "give rise to any legal interest in exchange for them."

This appeal followed.

## II

The RICO statute makes it "unlawful for any person employed by or associated with any enterprise . . . [with an interstate or foreign commerce nexus] to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). And it creates a civil cause of action, permitting "[a]ny person *injured in his business or property* by reason of a violation of section 1962" to recover treble damages, costs, and reasonable attorney's fees. *Id.* § 1964(c) (emphasis added).

The requirement that civil RICO plaintiffs allege an injury to "business or property" serves to "preclude recovery for

personal injuries and the pecuniary losses incurred there-from." *Doe v. Roe*, 958 F.2d 763, 767 (7th Cir. 1992); see also *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) ("The phrase 'business or property' . . . would, for example, exclude personal injuries suffered."). "Most personal injuries," we have recognized, "will entail some pecuniary consequences," but that does not transform them all into "business or property" injuries. *Doe*, 958 F.2d at 770. Instead, when the alleged injuries "are plainly derivative[]" of personal injuries, they "reflect personal injuries which are not compensable under RICO." *Id.*; see also *Evans*, 434 F.3d at 927 ("Evans' claim of loss of employment income is nothing more than an indirect, or secondary effect, of the personal injuries that he allegedly suffered . . . and therefore such a claim does not constitute a cognizable injury to 'business or property' within the meaning of § 1964(c).").

Here, the complaint focuses entirely on allegations of personal injury—horrific allegations by any measure. The nature of the alleged personal injuries does not, however, transform them into injuries to any business or property. See *Evans*, 434 F.3d at 927; *Doe*, 958 F.2d at 770.

Ryder and Lee disagree, claiming they have suffered two injuries to identifiable property interests under Illinois law. But, even assuming that Ryder and Lee possessed these claimed property interests, their claims, as they appear in their complaint, are too attenuated to avoid dismissal. *First*, Ryder and Lee contend that they suffered a "deprivation from the bargained-for access to and enjoyment of the activities provided by the Church, School, and College that they paid for and had a legitimate expectation to receive." But their complaint never explains why Hyles's alleged misconduct

directly caused a business or property injury. Rather, the complaint alleges that Ryder and Lee suffered personal injuries during the exercise of a property right (in particular, at a time of expending money to participate in Church-related activities) that had an "indirect, or secondary effect" on the value of the property right. *Evans*, 434 F.3d at 927. This is insufficient to satisfy the business or property element of a civil RICO claim. Accepting the contentions as true does nothing to change the alleged injuries at the center of the RICO claim—the sexual abuse inflicted by Hyles.

*Second*, Ryder and Lee contend that the Enterprise misappropriated their funds by using them to fund a sham investigation in the 2010s. But nowhere does their complaint describe how tithes or tuition paid in the 1970s could plausibly have been used to fund a phony investigation decades later. So here Ryder and Lee's allegations are too "speculative and amorphous" to permit their RICO claim to proceed. *Id.* at 932.

Because the district court dismissed the complaint under Rule 12(b)(1), the dismissal necessarily was without prejudice. See *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 690 (7th Cir. 2015) (citing *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 122 (2d Cir. 1999)). A dismissal under Rule 12(b)(6), in contrast, "operates as an adjudication on the merits" and is with prejudice unless otherwise specified. Fed. R. Civ. P. 41(b); see also *Remijas*, 182 F.3d at 697. In the ordinary course, "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015); see also

Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

It is difficult to see how Ryder and Lee could amend their complaint for a third time to advance plausible allegations they suffered the injury to business or property required by § 1964(c). See *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684–85 (7th Cir. 2018) (recognizing that district courts have broad discretion to deny leave to amend when doing so would be futile). And this observation most likely explains why the district court ordered the case closed alongside its dismissal order.

\*      \*      \*

What is alleged here is tragic beyond words. But we are constrained by the limitations Congress established in § 1964(c). Because Ryder and Lee have not plausibly alleged any injury to business or property within the meaning of the statute, we are left to AFFIRM AS MODIFIED.