Apotex Corp. v Hospira Healthcare India Private Ltd. (2023 NY Slip Op 01158)

Apotex Corp. v Hospira Healthcare India Private Ltd.

2023 NY Slip Op 01158

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 653460/20 Appeal No. 17460 Case No. 2021-04246 

[*1]Apotex Corp., etc., Plaintiff-Appellant,
v
Hospira Healthcare India Private Limited etc., et al., Defendants-Respondents.

Foley & Lardner LLP, New York (Sara P. Madavo of counsel), and Foley & Lardner LLP, Chicago, IL (David B. Goroff of the bar of the State of Illinois, admitted pro hac vice, of counsel) for appellant.
Williams & Connolly LLP, New York (Amy Mason Saharia of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about October 15, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss counts IV, VI, VIII, X, XII, XIV, XVI, and XVII of the complaint in their entirety, unanimously modified, on the law, the motion denied in part as to counts VI, VIII, and X, and otherwise affirmed, without costs.
The orders in the prior federal action (see Apotex Corp. v Hospira Healthcare India Private Ltd., 827 Fed Appx 149 [2d Cir 2020]; Apotex Corp. v Hospira Healthcare India Private Ltd., 2020 US Dist LEXIS 28640 [SD NY, Feb. 19, 2020, No. 18-CV-4903 (JMF)]; Apotex Corp. v Hospira Healthcare India Private Ltd., 2020 WL 58247, 2020 US Dist LEXIS 2343 [SD NY, Jan. 6, 2020, No. 18-CV-4903 (JMF)]), which dismissed, on jurisdictional grounds, certain state law claims asserted by plaintiff against defendants without prejudice to their refiling in state court, does not have preclusive effect under the doctrine of res judicata so as to bar litigation, in this action, of those previously asserted state law tort claims, or the unasserted state law tort and quasi contract claims that plaintiff now brings against defendant Hospira, Inc. (see Hernandez v Conriv Realty Assoc., 182 F3d 121, 123 [2d Cir 1999]; Mimo-Lannoy v Froedtert S., Inc., 2020 WL 2542817, *3, 2020 US Dist LEXIS 87409, *11-12 [ED Wis, May 18, 2020, No. 19-C-1087]).
However, based on those prior federal decisions, and the decision in Apotex Corp. v Hospira Healthcare India Private Ltd. (2019 WL 3066328, 2019 US Dist LEXIS 116335 [SD NY, July 12, 2019, No. 18-CV-4903 (JMF)]), dismissal is warranted on the alternative ground of collateral estoppel to the extent that the newly-pleaded claims against Hospira, Inc. are based on the same allegations that the Federal District Court had found were insufficient to sustain independent tort and quasi contract claims that were not duplicative of the breach of contract claims (see Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 93 [1st Dept 2013]). Accordingly, counts IV (unfair competition), XII (fraudulent concealment), XIV (negligent misrepresentation), XVI (breach of implied covenant of good faith and fair dealing), and XVII (unjust enrichment) were properly dismissed in their entirety, and counts VI (tortious interference with business relations), VIII (tortious interference with prospective business relations), and X (fraud) should have been dismissed in part. The motion to dismiss is denied as to count X to the extent the claim alleges fraudulent conduct prior to the 2017 assignment of the novation agreement. As to counts VI and VIII, which, contrary to the motion court's finding, are adequately pleaded, the motion is denied to the extent they allege tortious conduct prior to the assignment. The new allegations underlying counts VI, VIII, and X, which concern the closing of the IKKT facility to plaintiff's detriment, essentially allege willful [*2]breach of contract, which is insufficient to state an independent tort claim (see Sommer v Federal Signal Corp., 79 NY2d 540, 551-552 [1992]; cf. Albemarle Theatre v Bayberry Realty Corp., 27 AD2d 172, 177 [1st Dept 1967]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2023