18-3833 (L)
*Pelczar v. Kelly*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty.

PRESENT:  DENNIS JACOBS,
           RICHARD J. SULLIVAN,
              *Circuit Judges*,
           JESSE M. FURMAN,
              *District Judge.*\*

_____

James F. Pelczar,

      *Plaintiff-Appellant*,

     v.                                     18-3833 (L),
                                              19-1691 (Con)

_____

\* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

Judge Peter J. Kelly, in his official
capacity as Surrogate of the Queens
County Surrogate's Court,

*Defendant-Appellee.*

_____

FOR APPELLANT:          James F. Pelczar, pro se, New Port
                        Richey, FL.

FOR APPELLEE:           Letitia James, Attorney General of the
                        State of New York, Barbara D.
                        Underwood, Solicitor General,
                        Anisha S. Dasgupta, Deputy Solicitor
                        General, David Lawrence III,
                        Assistant Solicitor General, of
                        counsel, New York, NY.

Appeals from a judgment of dismissal and post-judgment order of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **VACATED** and **REMANDED** with instructions, and the order is **AFFIRMED**.

James F. Pelczar, proceeding pro se, appeals the district court's judgment sua sponte dismissing his complaint against Queens County Surrogate's Court Judge Peter J. Kelly primarily under the *Rooker-Feldman* doctrine, *see Rooker v.*

2

*Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and an order denying Pelczar's motion for relief from the judgment under Federal Rule of Civil Procedure 60(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Dismissal of the Complaint

We review a sua sponte dismissal, including a dismissal under the *Rooker-Feldman* doctrine, de novo. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (*Rooker-Feldman*); *J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013) (sua sponte dismissal). As we have recently explained, the *Rooker-Feldman* doctrine establishes "the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)). *Rooker-Feldman* thus applies where the federal-court plaintiff: (1) lost in state court, (2) alleges, in district court, injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Hoblock*, 422 F.3d at 85).

Pelczar challenges the district court's conclusion that the third requirement was satisfied, arguing that his complaint did not invite the district court to review and reject the Surrogate Court's ruling. We disagree. Pelczar sought an injunction directing the defendant, a Queens County Surrogate's Court Judge, to undo a ruling admitting a will to probate and finding that certain property was part of his father's estate. He thus asked the district court "to determine whether the state judgment was wrongfully issued." *Id.* at 427.

Nevertheless, because the *Rooker-Feldman* doctrine is a matter of subject-matter jurisdiction, *Sung Cho*, 910 F.3d at 644, the district court "lack[ed] the power to dismiss [the complaint] with prejudice," *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999). Accordingly, we vacate the judgment and remand to the district court with instructions to dismiss the complaint without prejudice.

## II.   Denial of Rule 60(b) Motion

We review the denial of a Rule 60(b) motion for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015). We find no abuse of discretion here. In support of his motion, Pelczar argued that a statement by a lawyer who was connected to the probate proceeding (and who was a defendant in a separate action brought by Pelczar) was evidence that the property in question was not part

4

of his father's estate. The attorney in the other action stated in a letter to the court that "the specific issue of whether [the property was] an asset of the probate estate was never before the Surrogate's Court of Queens County[, but] the Surrogate's Court did indirectly decide that it was." Dist. Ct. Doc. No. 7 at 7. However, that statement has no bearing on whether Pelczar invited the district court *in this case* to review the Surrogate's Court's judgment, thereby implicating *Rooker-Feldman*.[†]

\* \* \*

We have considered all of Pelczar's arguments and find them to be without merit. Accordingly, we **VACATE** the judgment and **REMAND** with instructions to dismiss the complaint without prejudice, and **AFFIRM** the order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[†] We similarly conclude that the probate documents attached to Pelczar's pending motion for judicial notice have no bearing on whether the district court correctly applied the *Rooker-Feldman* doctrine. Accordingly, we deny that motion as moot. *See, e.g.*, *United States v. Bleznak*, 153 F.3d 16, 21 n.2 (2d Cir. 1998); *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).